FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALE T.,[1] | No. 4:20-cv-05169-MKD |
|        Plaintiff, | |
| | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
|   vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
|        Defendant. | ECF Nos. 24, 25 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment.  ECF Nos. 24, 25.  The parties consented to proceed before a magistrate judge.  ECF No. 6.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 24, and grants Defendant's motion, ECF No. 25.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

ORDER - 2

1    In reviewing a denial of benefits, a district court may not substitute its

2  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

3  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

4  rational interpretation, [the court] must uphold the ALJ's findings if they are

5  supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

6  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

7  ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless

8  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

9  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

10  decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

11  *Sanders*, 556 U.S. 396, 409-10 (2009).

12                    **FIVE-STEP EVALUATION PROCESS**

13    A claimant must satisfy two conditions to be considered "disabled" within

14  the meaning of the Social Security Act.  First, the claimant must be "unable to

15  engage in any substantial gainful activity by reason of any medically determinable

16  physical or mental impairment which can be expected to result in death or which

17  has lasted or can be expected to last for a continuous period of not less than twelve

18  months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

19  impairment must be "of such severity that he is not only unable to do his previous

20  work[,] but cannot, considering his age, education, and work experience, engage in

ORDER - 3

any other kind of substantial gainful work which exists in the national economy."
42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

ORDER - 4

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

ORDER - 5

1  the Commissioner must also consider vocational factors such as the claimant's age,

2  education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

3  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

4  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

5  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

6  work, analysis concludes with a finding that the claimant is disabled and is

7  therefore entitled to benefits.  *Id.*

8      The claimant bears the burden of proof at steps one through four above.

9  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

10  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

11  capable of performing other work; and 2) such work "exists in significant numbers

12  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

13  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

14                              **ALJ'S FINDINGS**

15      On May 15, 2017, Plaintiff applied both for Title II disability insurance

16  benefits and Title XVI supplemental security income benefits alleging a disability

17  onset date of March 1, 2016.  Tr. 15, 65-66, 174-82, 186-94.  The applications

18  were denied initially and on reconsideration.  Tr. 91-99, 102-15.  Plaintiff appeared

19  before an administrative law judge (ALJ) on October 10, 2019.  Tr. 27-48.  On

20  November 13, 2019, the ALJ denied Plaintiff's claim.  Tr. 12-23.

ORDER - 6

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2019, engaged in SGA during the third quarter of 2017, but it was likely an unsuccessful work attempt; Plaintiff otherwise has not engaged in SGA since March 1, 2016.  Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: coronary artery disease, degenerative disc disease of the lumbar spine, and obesity. Tr. 18.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 18-19.  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can perform all posturals frequently, except stoop and crawl are limited to occasional and he can never climb ladders, ropes, or scaffolds; he must avoid concentrated exposure to industrial vibration and all hazards.

Tr. 19.

At step four, the ALJ found Plaintiff is unable to perform any of his past relevant work.  Tr. 21.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as electronics assembler, office cleaner, and warehouse worker.  Tr. 22.  Therefore, the ALJ concluded Plaintiff was not under a

ORDER - 7

1  disability, as defined in the Social Security Act, from the alleged onset date of

2  March 1, 2016, through the date of the decision. *Id.*

3          On July 24, 2020, the Appeals Council denied review of the ALJ's decision,

4  Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes

5  of judicial review. *See* 42 U.S.C. § 1383(c)(3).

6                                    **ISSUES**

7          Plaintiff seeks judicial review of the Commissioner's final decision denying

8  him disability insurance benefits under Title II and supplemental security income

9  benefits under Title XVI of the Social Security Act.  Plaintiff raises the following

10  issues for review:

11          1.  Whether the ALJ conducted a proper step-two analysis;

12          2.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

13          3.  Whether the ALJ conducted a proper step-five analysis.

14  ECF No. 24 at 8.

15                                  **DISCUSSION**

16  **A. Step Two**

17          Plaintiff contends the ALJ erred at step two by failing to identify his cervical

18  and thoracic spondylosis, tricompartmental degenerative disease of the right knee,

19  COPD and pneumonia, and renal failure and hepatic steatosis as severe

20  impairments.  ECF No. 24 at 11-14.  At step two of the sequential process, the ALJ

ORDER - 8

must determine whether claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To establish a severe impairment, the claimant must first demonstrate that the impairment results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical or laboratory diagnostic techniques. 20 C.F.R. §§ 404.1521, 416.921. In other words, the claimant must establish the existence of the physical or mental impairment through objective medical evidence (*i.e.*, signs, laboratory findings, or both) from an acceptable medical source; the medical impairment cannot be established by the claimant's statement of symptoms, a diagnosis, or a medical opinion. *Id.*

An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work…." Social Security Ruling (SSR) 85-28 at *3. Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities; which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers and usual work situations; and

ORDER - 9

1 dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1522(a),

2 416.922(a); SSR 85-28.[3]

3      Step two is "a de minimus screening device [used] to dispose of groundless

4 claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying

5 our normal standard of review to the requirements of step two, [the Court] must

6 determine whether the ALJ had substantial evidence to find that the medical

7 evidence clearly established that [Plaintiff] did not have a medically severe

8 impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687

9 (9th Cir. 2005).

10      First, the ALJ found Plaintiff's tricompartmental degenerative disease of the

11 right knee was non-severe.  Tr. 18.  While imaging showed Plaintiff had

12 osteopenia and degenerative changes in the right knee, he did not seek any ongoing

13 treatment for the condition.  *Id.*  Plaintiff's lower extremity examinations and gait

14 were generally normal.  *See, e.g.,* Tr. 386, 425, 550, 621, 641, 719.  Plaintiff argues

15 the ALJ erred in finding his knee impairment non-severe, ECF No. 24 at 12-14,

16 and argues he should have been limited to sedentary work, ECF No. 26 at 4.

17

18 _____

19 [3] The Supreme Court upheld the validity of the Commissioner's severity

20 regulation, as clarified in SSR 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54

(1987).

ORDER - 10

However, Plaintiff does not point to any evidence of limitations caused by his knee impairment that the ALJ failed to include in the RFC and does not cite to any objective evidence that supports his argument that his knee impairment prevents him from performing light work.

Second, the ALJ found Plaintiff's cervical and thoracic impairments were non-severe.  Tr. 18.  While imaging showed degenerative changes, the ALJ noted Plaintiff did not have ongoing complaints of pain or limitations related to the impairment.  *Id.*  Plaintiff's neck examinations were generally normal.  *See, e.g.,* Tr. 386, 550, 680.  Plaintiff argues the ALJ erred in finding his cervical and thoracic spondylosis non-severe, ECF No. 24 at 12, however Plaintiff cites only to a CT demonstrating spondylosis, but again does not point to any evidence of limitations caused by his impairments that the ALJ failed to account for in the RFC.

Third, the ALJ found Plaintiff's COPD was non-severe.  Tr. 18.  Plaintiff has a history of COPD, but the ALJ found Plaintiff had a normal spirometry test in September 2016, and his lung nodules have been stable.  *Id.*  (citing, e.g., Tr. 342, 363).  Plaintiff argues the ALJ erred in finding his COPD and pneumonia were non-severe.  ECF No. 14 at 12-13.  However, Plaintiff cites to only one occasion in 2017 when Plaintiff presented with shortness of breath, during which he was diagnosed with COPD and pneumonia, among other diagnoses.  *Id.* at 13 (citing

ORDER - 11

Tr. 290, 292, 295-96, 301). Plaintiff was not on oxygen nor steroids to treat his

COPD. Tr. 419. Imaging showed that while Plaintiff had COPD with chronic

bronchitis, there were no acute infiltrates, and Plaintiff was counseled to stop

smoking. Tr. 423. Plaintiff's breathing was generally noted as normal. *See, e.g.,*

Tr. 321, 330, 347. The ALJ's finding that Plaintiff's COPD is non-severe is

supported by substantial evidence.

Fourth, the ALJ did not discuss Plaintiff's renal failure and hepatic steatosis,

therefore finding them non-severe. *See* Tr. 18. Plaintiff argues the ALJ erred in

finding the impairments non-severe, but again cites only to one occasion in 2017

when Plaintiff was diagnosed with renal failure and hepatic steatosis. ECF No. 24

at 12-13 (citing Tr. 410). Plaintiff does not cite to any evidence that demonstrates

ongoing limitations caused by renal failure nor hepatic steatosis. Plaintiff's renal

function was generally normal. Tr. 280, 285, 610. Outside of the single incident

in 2017, there are no further mentions of Plaintiff's hepatic steatosis. The ALJ's

finding that Plaintiff's renal failure and hepatic steatosis were non-severe is

supported by substantial evidence.

Even if the ALJ should have determined that Plaintiff's cervical and thoracic

spondylosis, tricompartmental degenerative disease of the right knee, COPD and

pneumonia, and renal failure and hepatic steatosis are severe impairments, any

error would be harmless because the step was resolved in Plaintiff's favor. *See*

ORDER - 12

1  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch*

2  *v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  Plaintiff makes no showing that

3  any of the conditions mentioned creates limitations not already accounted for in the

4  RFC.  *See Shinseki*, 556 U.S. at 409-10 (the party challenging the ALJ's decision

5  bears the burden of showing harm).  Thus, the ALJ's step two finding is legally

6  sufficient.  Plaintiff is not entitled to remand on these grounds.

7  **B. Plaintiff's Symptom Claims**

8        Plaintiff faults the ALJ for failing to rely on reasons that were clear and

9  convincing in discrediting his symptom claims.  ECF No. 24 at 14-19.  An ALJ

10  engages in a two-step analysis to determine whether to discount a claimant's

11  testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

12  "First, the ALJ must determine whether there is objective medical evidence of an

13  underlying impairment which could reasonably be expected to produce the pain or

14  other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

15  "The claimant is not required to show that [the claimant's] impairment could

16  reasonably be expected to cause the severity of the symptom [the claimant] has

17  alleged; [the claimant] need only show that it could reasonably have caused some

18  degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

19        Second, "[i]f the claimant meets the first test and there is no evidence of

20  malingering, the ALJ can only reject the claimant's testimony about the severity of

ORDER - 13

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

ORDER - 14

404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 19.

*1. Inconsistent Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the objective medical evidence.  Tr. 20.  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680. However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

First, the ALJ found there is little evidence to support Plaintiff's reported limitations due to his lumbar impairment.  Tr. 20.  The ALJ noted Plaintiff has not

had updated imaging since 2015, he has not had injections or surgical

interventions, and has not had any abnormal gait, strength, reflex, or straight leg

raise test findings.  *Id.*  The ALJ found the evidence was inconsistent with

Plaintiff's allegations that he cannot lift/carry twenty pounds and that he would

have difficulty standing more than five minutes at a time.  *Id.*  Plaintiff argues he

did not allege his back impairment causes his lifting and standing restrictions,

rather his coronary and pulmonary impairments caused the limitations.  ECF No.

24 at 15.  However, Plaintiff alleged disability in part due to his back impairment,

the ALJ found Plaintiff's pulmonary impairments non-severe, as discussed *supra,*

and the ALJ reasonably found Plaintiff's allegations related to his coronary

impairments were inconsistent with the objective evidence for the reasons

discussed *infra.*

Second, the ALJ found Plaintiff's limitations related to his coronary artery

disease were inconsistent with the objective evidence.  Tr. 20.  Plaintiff had

surgery in 2012, and later had an abnormal electrocardiogram, but his condition

has remained stable, with no acute issues.  *Id.* (citing Tr. 418, 430, 466, 749).

Plaintiff argues the objective evidence is consistent with his allegations, and cites

to appointments where Plaintiff reported dizziness, shortness of breath, and chest

pain, and imaging demonstrating his coronary impairment.  ECF No. 24 at 16-17.

Defendant argues that despite some complaints of symptoms, Plaintiff frequently

ORDER - 16

had normal breathing, and denied feeling dizzy or having chest pain.  ECF No. 25

at 8.  Plaintiff's September 2016 PFT was normal, Tr. 341, the October 2017 stress

test indicated "no convincing fixed or reversible perfusion deficits," and Plaintiff

had normal LV function and wall motion, with an LVEF of 55 percent, Tr. 660,

and a January 2019 stress test demonstrated no evidence of ischemia, and a normal

ejection fraction, Tr. 757.  The ALJ also noted Plaintiff has had an unremarkable

course of treatment.  Tr. 20.  Both State agency medical consultants found that

despite his physical impairments, including the cardiac surgery and continuing

mild diastolic dysfunction, Plaintiff was capable of light work with additional

limitations.  Tr. 21, 54-55, 75-77.  The ALJ also noted that no medical providers

opined Plaintiff had a need to elevate his legs, Tr. 20, despite Plaintiff's allegation

that he needs to elevate his legs for five to six hours per day, Tr. 35-36.  While

Plaintiff argues the ALJ failed to mention medical opinions in the record, Plaintiff

does not point to any opinions.  ECF No. 24 at 17.

Plaintiff argues the objective evidence is consistent with his complaints, as

he required surgery, and was seen for ongoing chest pain, dizziness, and edema,

and reported using nitroglycerin two to three times per month.  ECF No. 24 at 16-

17 (citing Tr. 36-38, 279, 709, 737-45).  Plaintiff was seen in February 2016 for

chest pain, shortness of breath, and edema, but his symptoms were noted as stable,

and he was seen for a follow-up appointment six months later when he denied any

ORDER - 17

chest pain, dizziness, or shortness of breath.  Tr. 279.  In October 2017, Plaintiff's hypotension had resolved, with no recurrent angina, and his edema had decreased. Tr. 608.  Plaintiff was seen in August 2018 for dizziness and hypotension, when he reported detoxing and then consuming alcohol, and reported being dehydrated.  Tr. 737.  The final diagnosis for the encounter was acute alcoholic intoxication.  Tr. 742.  In January 2019, Plaintiff was again seen for chest pain, but findings were generally benign, with no acute findings, and the final diagnosis was only "chest pain, unspecified type."  Tr. 745-49.  While Plaintiff offers an alternate interpretation of the evidence, the Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[W]hen the evidence is susceptible to more than one rational interpretation" the court will not reverse the ALJ's decision).  The ALJ's finding that Plaintiff's symptom claims were inconsistent with the objective medical evidence is a clear and convincing reason, along with the other reason offered, to reject Plaintiff's claims.

## 2. Inconsistent Statements

The ALJ found Plaintiff made inconsistent statements about his substance use.  Tr. 20.  Inconsistent statements about substance use are appropriate grounds for the ALJ to discount a claimant's reported symptoms.  *Thomas*, 278 F.3d at 959; *Edlund*, 253 F.3d at 1157; *Gray v. Comm'r, of Soc. Sec.*, 365 F. App'x 60, 63 (9th

1 Cir. 2010); *Lewis v. Astrue*, 238 F. App'x 300, 302 (9th Cir. 2007); *Morton v.*

2 *Astrue*, 232 F. App'x 718, 719 (9th Cir. 2007).  The ALJ noted that during a

3 hospitalization, Plaintiff reported having not used methamphetamine for six

4 months in August 2018, but when applying for Social Security benefits, he alleged

5 he had not used methamphetamine in the recent past.  Tr. 20.  However, the

6 hospitalization record notes Plaintiff had not used methamphetamine in "over" six

7 months.  Tr. 737.  All drug testing in the record was negative for

8 methamphetamine.  Tr. 450, 479, 740.  Plaintiff reported in 2016 that he had not

9 used methamphetamine for one year.  Tr. 419.  There are not inconsistent

10 statements in the file regarding Plaintiff's methamphetamine use.

11      Plaintiff has made inconsistent statements about his alcohol use throughout

12 the record, such as reporting consuming anywhere from six beers in a day to

13 consuming 12 beers plus multiple shots of liquor in a day, during a similar time

14 period.  *See* Tr. 38, 294-95, 345, 394, 396, 419, 588, 744, 752.  However, the ALJ

15 did not cite to any of the inconsistent statements.  The ALJ only noted that Plaintiff

16 reported binge drinking and declined to go to a local detox program, and he later

17 failed rehabilitation and had ongoing visits related to alcohol use.  Tr. 20 (citing Tr.

18 384, 407, 588, 744).  While the ALJ's analysis lacks citations to the inconsistent

19 statements, the ALJ's finding is supported by the evidence, and any error is

20

ORDER - 19

harmless as the ALJ gave other supported reasons to reject Plaintiff's symptom

claims.  *See Molina,* 674 F.3d at 1115.

    *3. Work History*

        The ALJ found Plaintiff's weak work history suggest he is unemployed for

reasons other than his current impairments.  Tr. 20.  Evidence of a poor work

history that suggests a claimant is not motivated to work is a permissible reason to

discredit a claimant's testimony that she is unable to work.  *Thomas*, 278 F.3d at

959; SSR 96-7 (factors to consider in evaluating credibility include "prior work

record and efforts to work"); *Smolen*, 80 F.3d at 1284; 20 C.F.R. § 404.1529 (work

record can be considered in assessing credibility); 20 C.F.R. § 416.929 (same).

        The ALJ noted Plaintiff had a weak work history even before his alleged

onset date.  Tr. 20.  Plaintiff alleges disability beginning March 2016, however

Plaintiff earned less than SGA during many of the years from 2001 through 2015.

Tr. 195-98.  While Plaintiff argues the ALJ failed to provide an analysis of

Plaintiff's work history, ECF No. 24 at 18, the ALJ reasonably found Plaintiff's

lack of SGA work prior to his alleged onset date suggests Plaintiff's

unemployment is not due to his current impairments.  This was a clear and

convincing reason, supported by substantial evidence, to reject Plaintiff's symptom

claims.  Plaintiff is not entitled to remand on these grounds.

ORDER - 20

**C. Step Five**

Plaintiff contends the ALJ's step five findings were based on an improper RFC formulation and that Plaintiff should have been limited to sedentary work at most. ECF No. 24 at 19-21. Based on this premise, Plaintiff also argues the ALJ should have found Plaintiff disabled under the Medical-Vocational Guidelines at step five of the sequential evaluation. *Id.* at 20. However, Plaintiff's argument is based entirely on the assumption that the ALJ erred in considering Plaintiff's symptom claims. *Id.* For reasons discussed throughout this decision, the ALJ's consideration of Plaintiff's symptom claims is legally sufficient and supported by substantial evidence. Thus, the ALJ did not err in finding Plaintiff capable of performing other work in the national economy based on the hypothetical containing Plaintiff's RFC. Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

ORDER - 21

3. Defendant's Motion for Summary Judgment, **ECF No. 25**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED September 15, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 22